REVERSE and REMAND; Opinion filed October 4, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01185-CV

## IN THE INTEREST OF A.S.C.H., A CHILD

On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-50824-2010

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Murphy

This appeal involves the effect a foreign court's findings in a child-abduction case brought pursuant to the Hague Convention had on subject-matter jurisdiction in a Texas SAPCR suit. Barton Jeanot Hermer appeals the trial court's dismissal with prejudice of his child-custody suit, contending among other things, that the trial court erroneously enforced a foreign judgment without an evidentiary hearing regarding the child's residence. We reverse and remand.

## BACKGROUND

Hermer and Simmone Jayne Cohen, a British citizen, are the parents of A.S.C.H., who was born in Texas in November 2008. In the first ten months of her life, A.S.C.H. traveled with her parents to England on several occasions. On the last trip in September 2009, Cohen and A.S.C.H. were permitted to enter the country. Hermer, an American citizen, was denied entry. Hermer

returned to the United States, and since that time, A.S.C.H. has lived in England with Cohen.

Hermer began proceedings in January 2010 through the Hague Convention on the Civil Aspects of International Child Abduction, alleging Texas is the place of A.S.C.H.'s habitual residence and seeking A.S.C.H.'s return to Texas. Just over a month later, in February 2010, he also filed an original SAPCR petition in Collin County, Texas, alleging Cohen had taken A.S.C.H. in violation of his right of possession or access. Hermer pleaded that "[n]o court has continuing jurisdiction of this suit or of [A.S.C.H.]" and that Cohen "has resided in Texas" with A.S.C.H. since her birth until September 2009. He requested, among other things, that he be appointed A.S.C.H.'s sole managing conservator.

The High Court of Justice, Family Division in London handed down its judgment in the Hague Convention proceedings on December 3, 2010, denying Hermer's application for A.S.C.H.'s return to Texas. The court determined that the parties were "habitually resident in England" by the time of their September 2009 trip and by December 2009, A.S.C.H. "had had habitual residence in England for some considerable time." As part of its reasoning, the court found that A.S.C.H. had lived in England since June 24, 2009 and the parties moved there as part of a planned move. Although Hermer pursued an appeal of the High Court's decision and sought to present further evidence, the appellate court refused Hermer's requests.

Cohen then, on February 24, 2011, filed a motion to dismiss Hermer's Texas state-court SAPCR petition for lack of jurisdiction. Cohen asserted the High Court had determined that A.S.C.H.'s habitual residence since June 24, 2009 was the United Kingdom and the trial court did not have subject-matter jurisdiction pursuant to sections "152.201, 152.202, 152.203 or 153.204" of the Texas Family Code. She sought dismissal of the case without prejudice under family code section 155.102. See TEX. FAM. CODE ANN. § 155.102 (West 2008) (dismissal without prejudice

-2-

where another court has continuing exclusive jurisdiction). Although she attached a copy of the High Court judgment to her motion, she did not certify, verify, or otherwise offer the judgment into evidence at the dismissal hearing. Hermer filed no written response before the hearing.

At the June 2, 2011 hearing on Cohen's motion, Cohen's counsel argued the trial court lacked subject-matter jurisdiction because the courts of the United Kingdom had taken jurisdiction over A.S.C.H. and denied Hermer's application for her return to the United States. He asserted, "it's not an evidentiary hearing today; it's simply that you must dismiss because this Court does not have jurisdiction." Hermer responded that the trial court had home state jurisdiction based on a reading of family code section 152.201 in conjunction with section 36.005 of the Texas Civil Practice and Remedies Code, which states that a foreign judgment cannot be recognized if it was obtained by fraud. Hermer argued that although he was not contesting "the Hague decision," he wanted "his day in court" to present evidence and show that the High Court judgment should not be recognized because it was obtained by fraud.

Two days later, on June 4, 2011, the trial court signed its order dismissing Hermer's case "with prejudice." The trial court recited that the High Court had determined that A.S.C.H.'s habitual residence was the United Kingdom and that she had resided there since June 24, 2009. Based on those determinations, the trial court concluded it lacked subject-matter jurisdiction under family code sections "152.201, 152.202, 152.203 or 153.204" because "on the day that [Hermer] filed his [SAPCR petition], the child had habitually resided in the United Kingdom for almost eight months." The trial court inserted a handwritten note in the order that the High Court judgment "was not obtained by fraud; but rather Father was afforded due process by the UK Court."

Hermer challenged the trial court's order in three post-trial motions—a motion for new trial, motion to reconsider, and motion to reopen the evidence. In his motion for new trial, he asserted the

trial court erred in dismissing his case for lack of jurisdiction because the evidence "proves conclusively, as a matter of law, that the court does in fact have subject matter jurisdiction." He also asserted the trial court's dismissal "with prejudice" was in error. In that motion, Hermer specifically raised the question of whether the trial court's order was erroneously based on the High Court's judgment, which "was not a child custody determination." And in both the motion for new trial and the motion to reopen the evidence, he argued that "newly discovered evidence" regarding the issuance of A.S.C.H.'s United States passport would have materially affected and altered the High Court's decision as to A.S.C.H.'s habitual residence. He maintained that because the passport evidence would have shown A.S.C.H. was a citizen of the United States, the trial court's finding that it lacked subject-matter jurisdiction was improper.

The trial court heard argument on Hermer's motions and denied each of them by separate orders. Hermer appealed.

## DISCUSSION

Hermer brings four issues on appeal in which he argues the trial court erroneously enforced the foreign judgment under section 152.105 of the family code without regard to whether the judgment was procured by fraud (issue one); the trial court erred by refusing him an evidentiary hearing prior to dismissing the case for lack of subject-matter jurisdiction in violation of his due process rights (issue two); the trial court erred in concluding England had subject-matter jurisdiction and that Texas was not the child's home state under section 152.201 (issue three); and the trial court erred by dismissing the suit "with prejudice" (issue four).

### Standard of Review

The question of whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

2004); *In re B.A.B.*, 124 S.W.3d 417, 419 (Tex. App.—Dallas 2004, no pet.). When jurisdiction is challenged, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)); *City of Dall. v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226.

Where, as here, jurisdictional facts are challenged, we must consider relevant evidence to resolve the jurisdictional issues. *Id.* at 227. In such a case, we are not bound by the plaintiff's factual allegations. *See id.* at 224 n.4. This standard mirrors our summary-judgment standard under Texas Rule of Civil Procedure 166a(c) and places the burden on Hermer, as the plaintiff, to allege facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* at 227–28. Once he has done so, the movant, Cohen, must meet the summary-judgment standard of proof to support her contention the trial court lacks subject-matter jurisdiction. *Id.* at 228. Hermer is then required to show only that a disputed fact issue exists. *Id.*; *Heard*, 252 S.W.3d at 102. If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issue, we determine the plea as a matter of law. *Miranda*, 133 S.W.3d at 228.

## Applicable Law

A "suit affecting the parent-child relationship" or SAPCR is defined under the family code as a suit "in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." TEX. FAM. CODE ANN. § 101.032(a) (West 2008). Jurisdiction for making a child custody determination by a court of this state is governed by section 152.201(a) of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *See id.* § 152.201(b). Under that section,

a Texas court has jurisdiction to make an initial custody determination only if (1) Texas is the home state of the child on the date of the commencement of the proceeding, (2) a court of another state does not have "home state" jurisdiction or the court having "home state" jurisdiction has declined to exercise jurisdiction on the ground that Texas is the more appropriate forum and the child or his parents have a significant connection with the state, or (3) all courts otherwise having jurisdiction have declined jurisdiction on the ground that Texas is the more appropriate forum to determine the matter. *Id.* § 152.201(a).

A child's "home state" is the state in which she lived with a parent or person acting as a parent for at least six consecutive months, including temporary absences, before commencement of a child custody proceeding. *Id.* § 152.102(7). Based on the UCCJEA's purpose of discouraging the use of the interstate system for continuing controversies over child custody, the Texas Supreme Court has declined to use the parties' subjective intent in making a child's home state determination. *See Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005). Rather, in determining the child's home state, we focus on the child's "physical presence" in a state, not the legal residency of her parents. *Id.* at 326–28 (stating legislature's use of word "lived" in defining home state "strongly connotes physical presence"). For purposes of applying the UCCJEA, a foreign country is to be treated as if it were a state of the United States. TEX. FAM. CODE ANN. § 152.105(a). A "child custody determination" made in a foreign country must be recognized and enforced if that determination was made "under factual circumstances in substantial conformity with the jurisdictional standards" of the UCCJEA. *Id.* § 152.105(b).

The Hague Convention is a multinational treaty, which was created by the Conference on Private International Law in 1980 "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the

State of their habitual residence, as well as to secure protection for rights of access." *Hague Conference on Private International Law: Final Act*, Preamble, 19 Int'l Legal Materials 1501 (1980). The United States ratified the Convention on April 29, 1988 and became a "Contracting State" on July 1, 1988 through the federal implementing statute—the International Child Abduction Remedies Act (ICARA). *See* 42 U.S.C.A. §§ 11601–610 (West 2005).

The Hague Convention "establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained." *Id.* § 11601(a)(4). Its primary aim is to preserve the "factual" status quo that is unilaterally altered when a parent abducts a child. *Velez v. Mitsak*, 89 S.W.3d 73, 79 (Tex. App.—El Paso 2002, no pet.) (citing *Flores v. Contreras*, 981 S.W.2d 246, 248 (Tex. App.—San Antonio 1998, no pet.)). The ICARA confers concurrent jurisdiction in state and federal courts over actions arising under the Hague Convention. *See* 42 U.S.C.A. § 11603(a). But jurisdiction under the statute is granted only as to the merits of the abduction claim; the statute does not grant jurisdiction to decide the merits of any underlying custody dispute. *See id.* § 11601(b)(4); *see also Hague Conference*, ch. III, art. 19, 19 Int'l Legal Materials at 1503 ("A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue."); *England v. England*, 234 F.3d 268, 271 (5th Cir. 2000) (courts considering Convention petitions prohibited from adjudicating merits of underlying custody dispute); *In re S.J.O.B.G.*, 292 S.W.3d 764, 774 (Tex. App.—Beaumont 2009, no pet.). The Hague Convention is based on the principle that the country of the child's habitual residence is best suited to determine questions of child custody and access. *In re J.G.*, 301 S.W.3d 376, 379 (Tex. App.—Dallas 2009, no pet.).

*Issue One—Enforcement Under Family Code Section 152.105*

Hermer claims in his first issue that the trial court erroneously enforced the High Court

judgment under section 152.105 of the family code without regard to whether that judgment was procured by fraud. Cohen did not claim section 152.105 as a basis for dismissal of Hermer's SAPCR petition. Yet she did seek dismissal pursuant to section 155.102 of the family code. Specifically, Cohen attached a copy of the High Court judgment to her motion to dismiss based on lack of subject-matter jurisdiction. She asserted the High Court had determined the habitual residence of A.S.C.H. pursuant to the attached copy of the order, that the High Court judgment determined that A.S.C.H. had resided in the United Kingdom since June 24, 2009, and that Hermer's SAPCR petition was filed February 18, 2010. Cohen concluded her motion by stating that on the day Hermer filed his petition, "the child had resided in the United Kingdom for eight months and the Court did not have subject matter jurisdiction pursuant to 152.201, 152.202, 152.203 or 153.204 of the Texas Family Code." In her prayer for relief, she sought dismissal pursuant to section 155.102 of the family code.

Section 155.102 of the family code provides for dismissal of a SAPCR without prejudice if the court in which the petition is filed determines that another court has "continuing, exclusive jurisdiction of the child." TEX. FAM. CODE ANN. § 155.102. Notably, when the High Court issued its judgment, it did not purport to have continuing, exclusive jurisdiction of A.S.C.H. That court determined only Hermer's suit for return of the child to Texas under the Hague Convention, which was a decision as to the merits of the abduction; the court did not make a child custody determination. *See* 42 U.S.C.A. § 11601(b)(4); *England*, 234 F.3d at 271; *see also* TEX. FAM. CODE ANN. § 152.302 (a Texas court "may" enforce an order for return of child made under Hague Convention "as if it were a child custody determination"); *id.* § 152.102(3) ("child custody determination" is a "judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child.").

The trial court stated in its order that it was granting Cohen's motion "in all respects." Accordingly, to the extent the order was a dismissal under section 155.102 of the family code because the High Court was perceived to have continuing, exclusive jurisdiction of a child custody dispute, we sustain issue one.

*Issue Two—Trial Court's Dismissal Without Evidentiary Hearing*

Hermer contends in his second issue that his constitutional rights were violated because the trial court refused to allow an evidentiary hearing prior to dismissing his case for lack of subject-matter jurisdiction. Specifically he claims he was prevented from presenting testimony and evidence in an evidentiary hearing regarding his allegations of fraud in the procurement of the High Court judgment prior to the ruling on Cohen's motion to dismiss. His complaints at the time of the hearing were that Texas is the "home state" of A.S.C.H. and the High Court judgment was obtained by fraud. Hermer alleged and verified that A.S.C.H. and Cohen had lived with him in Texas until September 2009. Such verification, if accepted as true, would establish that Texas was the child's home state pursuant to section 152.201(a)(1) of the family code. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *id.* § 152.102(7). We construe Hermer's argument of fraud as stated in issue two to embrace the finding that the child had lived in the United Kingdom since June of 2009, contrary to Hermer's verification.

The High Court judgment was not admitted as evidence, but Hermer stated he was not contesting the fact of the judgment. We therefore assume without deciding the judgment was before the court as some evidence of where the child had lived since June of 2009. The record shows, at the least, a disputed fact issue existed as to the length of time A.S.C.H. lived in Texas, the determination of which is critical to the question of her home state. *See Heard*, 252 S.W.3d at 102. Accordingly, dismissal for lack of subject-matter jurisdiction was in error. Hermer was entitled to

have that issue decided by the fact finder and not as a matter of law. *Miranda*, 133 S.W.3d at 228; *cf. In re Oates*, 104 S.W.3d 571, 576 (Tex. App.—El Paso 2003, orig. proceeding) (when no custody orders issued by another court, court approaches jurisdictional issue in context of initial custody determination; home state jurisdiction analysis must be conducted first). We sustain Hermer's second issue to the extent he seeks to present evidence for the fact finder's determination of A.S.C.H.'s home state under family code section 152.201(a)(1).

Based on our resolution of issues one and two, we do not reach issues three and four. TEX. R. APP. P. 47.1.

## CONCLUSION

We conclude the trial court erred when it dismissed Hermer's SAPCR suit with prejudice based on a finding it lacked subject-matter jurisdiction. Accordingly, we reverse the trial court's order of dismissal and remand this case to the trial court for further proceedings.

_____
MARY MURPHY
JUSTICE

111185F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.S.C.H., A
CHILD,

No. 05-11-01185-CV

Appeal from the 219th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
219-50824-2010).
Opinion delivered by Justice Murphy,
Justices Morris and Francis participating.


In accordance with this Court's opinion of this date, the trial court's order dismissing appellant Barton Jeanot Hermer's suit is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings. It is **ORDERED** that appellant Barton Jeanot Hermer recover his costs of this appeal from appellee Simmone Jayne Cohen.


Judgment entered October 4, 2012.


_____
MARY MURPHY
JUSTICE