**AFFIRMED and Opinion Filed June 13, 2023**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00090-CV**

**BRADLEY B. MILLER, Appellant**

**V.**

**ANDREA PLUMLEE, IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; DANIELLE DIAZ IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; VIRGINIA TALLEY DUNN INDIVIDUALLY, ET AL.,**

**Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-14398**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Carlyle

Bradley B. Miller appeals pro se from the trial court's judgment dismissing his case for lack of jurisdiction. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

This case is one of many Mr. Miller has filed based on certain rulings the 330th District Court made against him in child-custody proceedings.[1] Relevant to

---

[1] *See, e.g.*, *Miller v. Plumlee*, No. 05-21-00431-CV, 2022 WL 1055371, at *1 (Tex. App.—Dallas Apr. 8, 2022, pet. denied) (mem. op.), *cert. dismissed*, 143 S. Ct. 1046 (2023); *Miller v. Diaz*, No. 05-21-00658-

this appeal, Virginia Dunn filed for divorce against Mr. Miller in 2013. The 330th District Court presided over that divorce and entered a final divorce decree in April 2014. That decree included provisions governing the custody and possession of Mr. Miller's child with Ms. Dunn.

The parties continued having disputes concerning custody, visitation, and support. And Ms. Dunn twice sought to have the 330th District Court modify the divorce decree's provisions on those issues. Minutes before each of the hearings at which the 330th District Court would sign orders granting Ms. Dunn relief, Mr. Miller tried to obstruct proceedings by filing paperwork attempting to remove the case to federal court. The 330th District Court nevertheless proceeded with the hearings and entered two orders—one in November 2016 and one in June 2018—modifying the parent-child relationship by restricting Mr. Miller's access to the child.

Years later, Mr. Miller filed this lawsuit in the 134th District Court seeking a declaratory judgment stating that the 330th District Court's modification orders are void and that the judges who issued those orders are not immune from his lawsuits. Mr. Miller also sought to enjoin the 330th District Court's judges from issuing similar orders in the future. After conducting a preliminary hearing, the 134th

---

CV, 2022 WL 109363 (Tex. App.—Dallas Jan. 12, 2022, no pet.) (mem. op.); *Interest of V.I.P.M.*, No. 05-19-00197-CV, 2020 WL 1472210, at *1 (Tex. App.—Dallas Mar. 26, 2020, pet. denied) (mem. op.), *cert. denied sub nom.*, *Miller v. Dunn*, 141 S. Ct. 2471 (2021); *see also Miller v. Dunn*, No. 3:20-CV-759-E-BN, 2020 WL 5608474, at *1 (N.D. Tex. Aug. 31, 2020), *report and recommendation adopted*, 2020 WL 5602843 (N.D. Tex. Sept. 17, 2020), *rev'd*, 35 F.4th 1007, (5th Cir. 2022).

District Court determined that it lacked jurisdiction and dismissed the case. We review the trial court's jurisdictional determination de novo. *See In re A.S.C.H.*, 380 S.W.3d 346, 350 (Tex. App.—Dallas 2012, no pet.).

"In enacting the Family Code, the Legislature 'adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts.'" *In re A.D.B.*, No. 05-19-01158-CV, 2021 WL 4771456, at *3 (Tex. App.—Dallas Sep. 8, 2021, no pet.) (mem. op.) (quoting *In re Foreman*, No. 05-13-01618-CV, 2014 WL 72483, at *3 (Tex. App.—Dallas Jan. 9, 2014, no pet.) (mem. op.)). The legislative scheme accomplishes this, as well as providing a measure of stability for the child, by establishing a court of continuing, exclusive jurisdiction to decide matters related to the child, including suits affecting the parent-child relationship. *Id.* Subject to exceptions not present here, a court acquires continuing, exclusive jurisdiction upon rendering a final order in a suit affecting the parent-child relationship. *See* TEX. FAM. CODE § 155.001(a).

We have already concluded, in a related appeal, that the 330th District Court had continuing, exclusive jurisdiction over suits affecting the parent-child relationship when it issued the orders Mr. Miller seeks to challenge as void. *See Miller v. Diaz*, No. 05-21-00658-CV, 2022 WL 109363, at *5 (Tex. App.—Dallas Jan. 12, 2022, no pet.) (mem. op.). Mr. Miller offers no argument or evidence to suggest the 330th District Court lost its continuing, exclusive jurisdiction through

any of the conditions provided under the family code. *See* TEX. FAM. CODE § 155.004.

Instead, Mr. Miller argues that the 330th District Court lacks continuing, exclusive jurisdiction over the November 2016 and June 2018 orders because those orders are void for lack of jurisdiction. He contends that, because the trial court issued the orders while his attempted removals were pending in federal court, the trial court lacked jurisdiction to issue them. *See* 28 U.S.C. § 1446(d). From that premise, he contends the orders are legally void and not part of any "legitimate" court case in the 330th District Court. Moreover, he contends, even if the 330th District Court has continuing, exclusive jurisdiction over the divorce and custody case, he may collaterally attack its void orders at any time and in any court.

Mr. Miller's argument relies on a misunderstanding of the concept of continuing, exclusive jurisdiction. The lawsuit here seeks to place matters that relate to and could affect his parent-child relationship within the 134th District Court's jurisdiction. Indeed, Mr. Miller seeks not only a declaration that certain visitation and custody restrictions the 330th District Court imposed on him are void but also an injunction against the 330th District Court's issuing any similar restrictions in the future. As a matter of state law, however, the 330th District Court has exclusive jurisdiction to hear any case affecting the parent-child relationship and to decide what custody restrictions are in the best interest of the child. *See* TEX. FAM. CODE §§ 153.002, 155.001(c). Because Mr. Miller's claims necessarily relate to and could

–4–

affect his parent-child relationship, they are within the 330th District Court's exclusive jurisdiction.

Mr. Miller nevertheless argues that the 134th District Court generally has jurisdiction to hear declaratory judgment actions, offer supplemental relief, issue injunctions, and rule on collateral challenges to void judgments issued by other courts. While that general proposition is correct, *see* TEX. CONST. art. V, § 8, TEX. GOV'T CODE §§ 24.007, .008, a bedrock principle of statutory interpretation governs: "specific terms covering the given subject-matter will prevail over general language of the same or another statute which might otherwise prove controlling." *See, e.g.*, *Baltimore Nat. Bank v. State Tax Comm'n of Md.*, 297 U.S. 209, 215 (1936) (citations omitted). The issue is not whether the 134th District Court is generally empowered to do the things Mr. Miller claims; it is whether the 134th District Court may exercise that power over a lawsuit affecting the parent-child relationship when the Legislature vested a different court with exclusive jurisdiction over that subject matter. Family Code sections 153.002 and 155.001(c) prevail here, vesting the 330th District Court with continuing, exclusive jurisdiction.

And we are not persuaded by Mr. Miller's protest that he already unsuccessfully sought to "appeal" the orders in the 330th District Court by filing a "special appearance" objecting to the exercise of jurisdiction during removal. Beyond Mr. Miller's imprecise usage of the terms "appeal" and "special appearance" neither the fact that the 330th District Court rejected his arguments in the context of

a "special appearance" nor his apparent belief that the 330th District Court is not a "fair forum" permits him to file lawsuits in other courts, repackaging his arguments, until he finds a court willing to adopt his view of the law.

Because the 330th District Court has continuing, exclusive jurisdiction over cases affecting Mr. Miller's relationship with this child, the 134th District Court did not err by both concluding it lacked jurisdiction and dismissing Mr. Miller's claims without prejudice.[2] *See* TEX. FAM. CODE § 155.102. We affirm the trial court's judgment.

220090f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

---

[2] Given our disposition, we summarily reject Mr. Miller's frivolous assertions that the 134th District Court committed an "an act of treason" and violated Mr. Miller's constitutional rights by dismissing his claims. We likewise need not address Mr. Miller's issues and arguments concerning whether the 330th District Court's November 2016 and June 2018 orders are in fact void for lack of jurisdiction, as those issues are not relevant to our conclusion that the trial court appropriately dismissed Mr. Miller's claims for lack of jurisdiction in this case—the only issue properly before us with respect to the judgment on appeal. *See* TEX. R. APP. P. 44.1. To the extent we do not otherwise address Mr. Miller's arguments, we conclude they lack merit, do not affect our analysis, and do not warrant further discussion. *See* TEX. R. APP. P. 47.4.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BRADLEY B. MILLER, Appellant

No. 05-22-00090-CV      V.

ANDREA PLUMLEE, IN BOTH
INDIVIDUAL AND OFFICIAL
CAPACITIES; DANIELLE DIAZ
IN BOTH INDIVIDUAL AND
OFFICIAL CAPACITIES;
VIRGINIA TALLEY DUNN
INDIVIDUALLY, ET AL.,
Appellees

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-14398.
Opinion delivered by Justice Carlyle.
Justices Goldstein and Kennedy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of June, 2023.