**AFFIRMED and Opinion Filed July 23, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00837-CV

## IN THE MATTER OF THE MARRIAGE OF
## MUHAMMAD NAVEED SABIR AND MADIHA JAVED

### On Appeal from the 303rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-21-08406

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

The trial court rendered a final decree of divorce that divided the parties'

marital property and appointed them as joint managing conservators of their two

children. In this appeal, Husband challenges the trial court's jurisdiction to render

the decree. He contends that the parties were already divorced in Pakistan when the

trial court rendered its judgment. We conclude that the trial court had jurisdiction to

render the decree. Accordingly, we affirm.

### BACKGROUND

Husband and Wife were married in Pakistan in 2009 and later moved to Texas.

Husband filed an original petition for divorce in Dallas County district court on May

20, 2021. He requested a divorce, division of the parties' property, and rulings regarding the couple's two children, A.N.F. and A.N. Wife responded by filing a counter-petition seeking similar relief. Both parties alleged they had been domiciliaries of Texas for the preceding six-month period and residents of Dallas County for the preceding ninety days.

Eight months later, on January 24, 2022, Husband filed a "Notice of Filing of Foreign Judgment." He attached a "Divorce Registration Certificate" issued on January 1, 2022, by the Union Council in Lahore, Pakistan. The certificate lists addresses in Lahore for both parties, and includes the following dates: (1) "Date of Notice for Divorce," September 20, 2021, (2) "Entry Date," September 25, 2021, (3) "Date of Failure of Conciliation," December 25, 2021, (4) "Date of Effectiveness of Divorce," December 25, 2021, and (5) "Issue date," January 1, 2022. Wife filed her opposition to Husband's notice thirty days later.

On October 3, 2022, Husband filed an amended pleading seeking "postdivorce division of property." He pleaded that the parties were divorced on December 25, 2021, in Pakistan, but the Pakistani judgment did not "dispose of the parties' marital interest in various assets." In the alternative, Husband requested a divorce, rulings regarding conservatorship of the children, and a property division.

The parties reached agreement on conservatorship of the children and division of their property. They presented the terms of their agreement to the trial court on February 23, 2023, but stated they had been unable to reach agreement on the

–2–

validity of the Pakistani divorce decree. They requested "that the Court would rule on that issue by submission without requiring any hearing."

The trial court sustained Wife's objection to the recognition of the Pakistani decree on April 25, 2023, and rendered a final decree of divorce on June 7, 2023. At Husband's request, the trial court made findings of fact and conclusions of law on July 7, 2023. Relevant to this appeal, the trial court found that the parties "were married on November 29, 2009, and remained married until the Final Decree of Divorce in this cause was signed." Husband now appeals the trial court's judgment.

## ISSUES AND STANDARD OF REVIEW

Husband contends (1) the trial court lacked subject matter jurisdiction to grant a divorce because the parties were not married, and (2) the trial court improperly sustained Wife's objections to recognizing the Pakistani divorce decree.

Subject-matter jurisdiction is essential for a court to have authority to decide a case; it is never presumed and cannot be waived or conferred by consent. *Ashfaq v. Ashfaq*, 467 S.W.3d 539, 541 (Tex. App.—Houston [1st Dist.] 2015, no pet.). "The question of whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *In re A.S.C.H.*, 380 S.W.3d 346, 350 (Tex. App.—Dallas 2012, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), and *In re B.A.B.*, 124 S.W.3d 417, 419 (Tex. App.—Dallas 2004, no pet)).

"States, however, are not required to give full faith and credit to foreign country judgments; dismissal based on comity[1] is a matter of discretion." *Ashfaq*, 467 S.W.3d at 541. "Recognition of a foreign judgment in the absence of due process constitutes an abuse of discretion." *Id.* Accordingly, we review both the trial court's ruling on Wife's objections to the Pakistani divorce decree and its refusal to recognize the foreign judgment for abuse of discretion. *Id.*

## DISCUSSION

In his first issue, Husband contends that the trial court lacked jurisdiction to render a decree terminating the parties' marriage because at the time of trial they were already divorced. Relatedly, in his second issue, Husband contends the trial court improperly sustained Wife's objections to the Pakistani divorce decree because the decree "is an authentic legal document issued by a foreign jurisdiction that does not violate public policy." Our conclusion regarding whether the trial court abused its discretion in sustaining Wife's objections and refusing to recognize the Pakistani divorce decree is determinative of whether the trial court had subject matter jurisdiction at the time it issued a Final Decree of Divorce. Therefore, we address both of Husband's issues jointly.

---

[1] "Comity is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protections of its laws." *In re E.H.*, 450 S.W.3d 166, 172 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (internal quotations omitted). "In Texas, comity has been described as a principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another." *Id.* (internal quotations omitted).

Husband concedes that "states are not required to give full faith and credit to foreign country judgments if the judgment is obtained without due process." But he argues that "[i]n granting Husband and Wife a divorce, the Pakistani court was not required to follow Texas-specific due process laws or rules." While we agree that the Pakistani court was not required to comply with Texas law or procedure, we also conclude that the record lacks evidence of any notice to Wife of the Pakistani proceedings until after a judgment was rendered, and therefore, Wife was deprived of minimum due process. *See Nikolenko*, 2022 WL 479988, at \*6.

"'Due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process.'" *Nikolenko v. Nikolenko*, No. 01-20-00284-CV, 2022 WL 479988, at \*6 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, pet. denied) (mem. op.) (quoting *Ashfaq*, 467 S.W.3d at 541). "At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. (internal quotation and citations omitted). A trial court may decline to recognize a judgment obtained without due process. *Id.* Recognition of a foreign judgment obtained in the absence of due process constitutes an abuse of discretion. *Id.* In *Nikolenko*, the court held that where the wife did not receive service of process or notice of the Russian divorce proceeding, "the trial court acted within its discretion in declining to recognize the Russian divorce." *Id.* at \*7.

–5–

Husband's only evidence of any notice to Wife about the Pakistani proceeding is a January 17, 2022 email stating, "I am attaching NADRA divorce certificate for your records." He also relies on a one-sentence text message he sent to Wife on September 18, 2021, that "to fulfill religious obligation, I have pronounced verbal divorce today," but this text does not refer to any legal proceeding filed in Pakistan. There is no evidence in the record showing that Wife had any "notice [or] an opportunity to be heard at a meaningful time and in a meaningful manner" in the Pakistani proceeding. *See Nikolenko*, 2022 WL 479988, at \*6.

Husband is correct that Texas courts have recognized foreign divorces based on principles of comity. However, in contrast to the record before us, in those cases, the courts concluded that due process was satisfied because notice of the foreign proceedings was afforded. *See Azhar v. Choudhri*, No. 01-20-00169-CV, 2023 WL 5615810, at \*1, 10 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, no pet.) (mem. op.); *Ashfaq*, 467 S.W.3d at 542–44.

In *Azhar*, the petitioner/appellant wife sued for divorce in Texas. *Azhar*, 2023 WL 5615810, at \*1. The husband answered, attaching a Pakistani divorce decree to his answer and requesting dismissal of the case. *Id.* After a bench trial, the trial court recognized the Pakistani divorce as valid and dismissed the case for lack of jurisdiction. *Id.* In that case, the wife's challenges to the validity of the Pakistani divorce certificate had been fully litigated in a Pakistan civil court and through appeals to the Supreme Court of Pakistan. *See id.* at \*3. In the subsequent Texas

–6–

divorce proceeding, the trial court made findings of fact and conclusions of law that (1) it lacked jurisdiction over Azhar's suit for dissolution of marriage "in light of the prior Pakistan divorce," and (2) "The Pakistan Supreme Court's decision on the issues asserted there by Azhar, or which could have been asserted there by Azhar, are deserving of respect or comity in this case." *Id.* at *6–7.

Here, the trial court made the opposite findings. Wife argued in this case that the Pakistan certificate was invalid, and provided documents to the trial court to support her contentions. Husband, in turn, provided documents to support the certificate's validity. The parties agreed to submit the issue to the trial court without an evidentiary hearing, and the trial court made its ruling.

Husband also relies on *Ashfaq*, where the court of appeals upheld the trial court's recognition of a Pakistani divorce and dismissal of the case for lack of jurisdiction. *See Ashfaq*, 467 S.W.3d at 540–41. As in *Azhar*, however, there was evidence, credited by the trial court, that the wife received notice of the Pakistani proceedings required by Pakistani law before the judgment became final. *See id.* at 543; *see also Fidalgo v. Galan*, No. 13-01-469-CV, 2003 WL 21982186, at *3 (Tex. App.—Corpus Christi-Edinburg Aug. 21, 2003, no pet.) (mem. op.) (no due process issue raised regarding Mexican divorce decree rendered eight months before wife filed suit for divorce in Texas).

Husband also argues that "Wife never alleged that she did not receive notice of the Pakistani divorce action,"[2] and points to a "Date of Notice for Divorce" on the Divorce Registration Certificate of "September 20, 2021" to support his contention. We find this argument unpersuasive. The only address for Wife on the certificate is in Lahore, Pakistan,[3] and there is nothing in the record to show that Wife received any notice of the proceeding until December 2021, after it had concluded.

We also note that Husband failed to follow the procedures for enforcement of the Pakistani judgment under civil procedure rule 308b. *See* TEX. R. CIV. P. 308b(d) (required notice by party seeking enforcement of judgment based on foreign law). The record reflects that Husband filed this suit for divorce in May 2021, alleging only that the parties were married, were residing in Texas but "will soon cease to live together as spouses," and that the marriage had become insupportable. *See* TEX.

---

[2] Contrary to this contention, the clerk's record includes an affidavit by Wife in which she states:

> This divorce has been ongoing since May of 2021 when [Husband] filed a Petition for Divorce against me in Texas. In September of 2021, I received a text message from [Husband] that said that, in accordance with our religion, he had verbally declared that he was divorcing me. In January of 2022, I received an email from [Husband] with an attachment of what he claimed to be our Pakistani Certificate of Divorce, which was the first time that I had ever been made aware that Pakistan might be involved in our divorce. From the time that I received that text message to the time that I received the email in January, [Husband] and I had been to court in Texas for temporary orders, and my understanding is that we were proceeding in Texas for our divorce.

[3] In her affidavit, Wife stated that "the Certificate listed Johar Town, Lahore as the county in which we lived, however, neither [Husband] nor myself have ever lived there." She also stated that she was never notified by any "Pakistani authorities" about the Pakistani proceedings. We defer to the trial court's determination of the weight and credibility of the evidence. *See Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.). Further, although Husband filed objections to Wife's affidavit, he did not obtain rulings on the objections from the trial court. Accordingly, he has not preserved these complaints for our review. *See* TEX. R. APP. P. 33.1.

FAM. CODE ANN. § 6.001 (Insupportability). He did not file notice of the Pakistani judgment until the following January. Accordingly, he failed to give notice within sixty days of his original pleading as required by civil procedure rule 308b. TEX. R. CIV. P. 308b(d) ("Within 60 days of filing an original pleading, the party seeking enforcement [of a judgment based on foreign law] must give written notice to the court and all parties that describes the court's authority to enforce or decide to enforce the judgment or award.").

Under rule 308b, as "the party seeking enforcement" of the foreign judgment, Husband was required to give the sixty-day notice, and the trial court was required to conduct a hearing. TEX. R. CIV. P. 308b(d)(1), (f)(1). But the record is clear that the parties asked the trial court to resolve "by submission without requiring any hearing" whether "the Pakistan divorce . . . is going to be recognized," as Husband's counsel announced on the record at the February 23, 2023 prove-up, contrary to rule 308b's requirements. *See, e.g.,* TEX. R. CIV. P. 308b(f) (requiring trial court to "conduct a hearing on the record"). Although "[c]ourts and counsel may not by agreement operate contrary to and in violation of the rules" of civil procedure, *Methodist Hospitals of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 884 (Tex. App.—Dallas 1991, writ denied), it is also necessary to preserve complaints for appellate review in accordance with appellate procedure rule 33.1(a). Absent a "timely request, objection, or motion" and a ruling by the trial court, Husband has not preserved any complaint that rule 308b's procedures were not

–9–

followed. *See* TEX. R. APP. P. 33.1(a); *see also Derbez v. Derbez*, 602 S.W.3d 706, 711 (Tex. App.—Amarillo 2020, pet. denied) (rejecting husband's complaint that trial court failed to recognize Mexican divorce where husband did not comply with rule 308b).

For these reasons, we conclude that the trial court had subject matter jurisdiction at the time it entered a Final Decree of Divorce because it acted within its discretion by ruling that the parties "remained married until the Final Decree of Divorce in this cause was signed." We overrule Husband's two issues.

## CONCLUSION

The trial court's judgment is affirmed.

/Maricela Breedlove/
MARICELA BREEDLOVE
230837F.P05                                JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
MARRIAGE OF
MUHAMMAD NAVEED SABIR
AND MADIHA JAVED

No. 05-23-00837-CV

On Appeal from the 303rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-08406.
Opinion delivered by Justice
Breedlove. Justices Smith and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Madiha Javed recover her costs of this appeal from appellant Muhammad Naveed Sabir.

Judgment entered July 23, 2024